Curia, per

Richardson, J.
Whether the letters “L. S.” annexed to the signature of Jonathan Miller, had been adopted by him for his seal, was a question of fact properly submitted to the decision of the jury. Relph & Co. vs. Gist, (4 McCord, *261.) And the jury having decided that such letters constituted his seal, the question for the Court to decide is, whether those two letters, not written, but in print, and standing without a circumflex, scrawl, or other visible mark of the pen of Jonathan Miller, can, in law, constitute his seal. It is not unfre-qnent, that such letters, when circumscribed by a scrawl, either in print or handwriting, constitute, in practice, a seal. And we cannot lay it down as a rule of law, that the letters alone, if used for such a purpose, may not be a valid seal. Any stamp, impression, or mark, made or adopted by the signer to a written contract, and annexed to his signature, as and for his seal, would seem to answer the purpose of sealing, in order to render such written contract a sealed instrument or deed in law. McKenzie vs. Ioor and Mathews, MS. Dec. 1833; Rice’s Dig. 212; 4 McCord, 239. In such a case, the question is upon the intention and will of the signer. Did he or not intend to subscribe and deliver the contract as his deed, and not as a mere parol or written instrument? *206 And did he or not, actually adopt the letters, as and for his mark and exhibition of a seal ? In a case like the one before the Court, where the signer affixes his name to the words, “as witness my hand and seal,” there is little room to question his intention to seal the contract. For I can lay no stress upon its being printed. And wherever the intention to seal is so plain, the jury are warranted in inferring that the signer fulfilled his intention, practically, by adopting the printed L. S. as his promised seal. And this authenticates the contract, and renders it a deed in law, upon delivery. See Mitchell vs. Parkham and Davis, (Harper, 3.) The motion is therefore dismissed.
Note. This case was submitted by both of the counsel without argument. Repoktek.
See O’Cain vs. O’Cain, 1 Strob., 402. Giles et al. vs. Maulden, 7 Rich., 11; 1 Bur., 308; 11 Rich., 131. An.
J. M. De Saussure, for the motion. C. W. Miller, contra.
The whole Court concurred.